**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

| | |
|---|---|
| **ESTATE OF RUDOLPH JENNINGS, SR., DEBRA JENNINGS, AND GWENDOLYN JENNINGS**, *Plaintiffs*, | |
| v. | CAUSE NO. 3:23-cv-183-CWR-FKB |
| **SUN WEST MORTGAGE COMPANY, INC., PAVAN AGARWAL, IN HIS CAPACITY AS CHIEF EXECUTIVE OFFICER OF SUN WEST MORTGAGE COMPANY, INC., PAULA RICHARDS, EDNA COLE, AND UNKNOWN TITLE COMPANY**, *Defendants*. | |

**ORDER**

Before the Court are Plaintiffs' Motion for an Emergency Temporary Restraining Order, Temporary Injunction, Permanent Injunction, and Declaratory Relief, Docket No. 3; Defendant Paula Richards' Motion to Dismiss, Docket No. 8; and Plaintiffs' request for leave to amend its complaint, *see* Docket No. 14 at 9. On review, the Court concludes that Plaintiffs have failed to prove this Court's grounds for jurisdiction and failed to state a claim upon which relief can be granted. Nevertheless, the case should not be dismissed at this time, and the Court grants Plaintiffs leave to amend its complaint to correct the errors discussed herein.

**I. FACTUAL AND PROCEDURAL HISTORY**

On March 9, 2023, Plaintiffs, the Estate of Rudolph Jennings, Sr., Debra Jennings, and Gwendolyn Jennings, filed suit against Defendants, Sun West Mortgage Company, Inc. ("Sun

West Mortgage"), Pavan Agarwal, Paula Richards, Edna Cole, and an Unknown Title Company. Docket No. 1. Plaintiff Debra Jennings is a licensed attorney in Texas and filed suit, on behalf of all Plaintiffs, *pro se*. *See id.* Plaintiffs later retained counsel on July 19, 2023. Docket No. 11.

The same day they filed their complaint, Plaintiffs asked the Court to issue an injunction to prevent the sale or proposed sale of a home at 1300 38th Avenue Meridian, MS 39307. Docket No. 3. They pled that the home is owned by the Estate of Rudolph Jennings, Sr. *Id.* at 4.[1]

Plaintiffs allege that a reverse mortgage was fraudulently executed on the home by a verified signature of Fannie Jennings—mother of Plaintiffs Debra Jennings and Gwendolyn Jennings—and the allegedly forged signature of the late-Rudolph Jennings, Sr.—Debra Jennings and Gwendolyn Jennings' late father. Docket No. 1 at 5. They contend that Defendant Edna Cole—Fannie Jennings' daughter—allegedly forged Mr. Jennings, Sr.'s signature on the reverse mortgage application and agreement. *Id.*

Plaintiffs first claim that the reverse mortgage agreement was executed "on or before January 23, 2007, during Mr. Jennings, Sr.'s lifetime." *Id.* at 2. In that same pleading, however, Plaintiffs later contend that Debra Jennings "was advised that the reverse mortgage was purportedly signed in June 2008[,] after the death of Rudolph Jennings." *Id.* at 9.

In any event, the complaint suggests that after executing the reverse mortgage and following Mr. Jennings, Sr.'s passing, Fannie Jennings continued to reside in the home in

---

[1] Fannie Jennings and the late-Rudolph Jennings, Sr. owned the home as Joint Tenants with Right of Survivorship. Docket No. 14, Ex. 2. Presumably then, Fannie Jennings took full ownership of the home upon Rudolph Jennings, Sr.'s passing.

Meridian, MS. Later, she permanently relocated to Powder Springs, Georgia. *Id.* at 6. Because Fannie Jennings' relocation violated the terms of the reverse mortgage agreement, Sun West Mortgage terminated the agreement. *Id.* Rather than foreclosing on the property due to Fannie Jennings' supposed inability to repay the loan on the home, Sun West Mortgage permitted Fannie Jennings to redeem the home. *Id.*

Thereafter, Fannie Jennings allegedly told Debra Jennings that she could purchase the home. *Id.* Plaintiffs explained that Sun West Mortgage initially agreed to allow Debra Jennings to purchase the home, but later canceled the sale to Debra Jennings. *Id.* at 7. However, Plaintiffs did not assert that any federally-protected rights were violated because of Sun West Mortgage's refusal to sell the property to Debra Jennings.

On March 13, 2023, the Court issued summons as to Pavan Agarwal, Edna Cole, Paula Richards, Sun West Mortgage, and Unknown Title Company. Docket No. 4. It was not clear at the time if Plaintiffs served the summons or complaint upon any Defendants.

Defendant Paula Richards filed her Motion to Dismiss on April 24, 2023. Docket No. 8. She claimed (1) insufficiency of process; (2) lack of standing; (3) lack of jurisdiction; and (4) failure to state a claim. *Id.* After retaining counsel on July 19, 2023, Plaintiffs filed their Return of Service as to Richards on July 20, 2023. Docket No. 13. That same day, Plaintiffs filed their Response in Opposition to Richards' Motion. Docket No. 14. They argued against dismissal and, in the alternative, asked the Court for leave to amend. *Id.* at 9.

## II. LEGAL STANDARD

The Court may dismiss Plaintiffs' cause of action for a "lack of subject matter jurisdiction." Fed. R. Civ. P. 12(b)(1). A party's motion to dismiss for a lack of subject matter jurisdiction should be granted "if it appears certain that the plaintiff cannot prove any set of

3

facts in support of his claim that would entitle plaintiff to relief." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). When considering a motion to dismiss on the basis of subject matter jurisdiction, a court "is empowered to consider matters of fact which may be in dispute." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). And "[w]hen a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming*, 281 F.3d at 161.

This cause of action can, moreover, be dismissed for Plaintiffs' "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To avoid dismissal, Plaintiffs have an obligation to plead factual allegations that "provide [the] grounds of [their] entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Such pleadings entail "more than labels and conclusions." *Id.* And if the pleaded facts fail to "nudge [plaintiffs'] claims across the line from conceivable to plausible, their complaint must be dismissed." *Id.* at 547. A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *George v. SI Grp.*, 36 F.4th 611, 619 (5th Cir. 2022) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Courts assess Rule 12(b)(6) motions "only on the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Ferguson v. Bank of N.Y. Mellon Corp.*, 802 F.3d 777, 780 (5th Cir. 2015).

### III.  DISCUSSION

Having reviewed the parties' motions and the applicable law, the Court now concludes that it lacks subject matter jurisdiction over this dispute. However, because the

Court concludes that it is not appropriate to dismiss the case at this time, Plaintiffs will have leave to amend their complaint to address the errors discussed herein.

Federal courts are courts of limited jurisdiction, possessing only those powers authorized by the Constitution. *See Kokkonen v. Guardian of Life Ins.*, 511 U.S. 375, 377 (1994). Consequently, this Court must presume a suit is beyond the purview of its limited jurisdiction until the "party seeking the federal forum" demonstrates otherwise. *Howery v. Allstate Ins.*, 243 F.3d 912, 916 (5th Cir. 2001). To satisfy its burden, Plaintiffs must plead "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1).

Federal courts have subject matter jurisdiction over (1) federal questions arising under the Constitution, laws, or treaties of the United States, *see* 28 U.S.C. § 1331; and (2) civil actions between citizens of different states where the amount in controversy exceeds $75,000, *see id.* § 1332(a). This Court may dismiss a case for lack of subject matter jurisdiction based on the complaint alone. *Williamson*, 645 F.2d at 413. A dismissal for lack of subject matter jurisdiction, however, "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Mitchell v. Bailey*, 982 F.3d 937, 944 (5th Cir. 2020) (citing *Ramming*, 281 F.3d at 161).

Plaintiffs contend that this Court has diversity jurisdiction, and in the alternative, federal question jurisdiction. Plaintiffs, however, failed to detail this Court's grounds for jurisdiction.

### A. Lack of Diversity Jurisdiction.

First, Plaintiffs failed to demonstrate complete diversity between all parties by failing to attempt to plead all parties' citizenship. *See* Docket No. 1 at 3-4; *see also Dixon v. Toyota Motor Credit Corp.*, 794 F.3d 507, 508-09 (5th Cir. 2015) (affirming the district court's holding

that the plaintiff did not establish diversity jurisdiction because he did not plead the citizenship of any party). While Plaintiffs provided the citizenship of the Estate of Mr. Jennings, Sr., Sun West Mortgage, Edna Cole, Paula Richards, and Paval Agarwal, Plaintiffs failed to plead the citizenship of Gwendolyn Jennings.[2] Even if Plaintiffs had provided this information, the complaint suggests that complete diversity is still lacking because the Estate of Mr. Jennings, Sr. and Richards are both domiciled in Mississippi. Docket No. 1 at 3-4. "Complete diversity requires that *all* persons on one side of the controversy be citizens of different states than *all* persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (quotation marks and citation omitted) (emphasis added).

Plaintiffs further failed to allege an amount in controversy exceeding $75,000. In fact, they did not assert an amount in controversy at all. Thus, the Court is left with little information to even infer the existence of diversity jurisdiction over the dispute.

After Richards noted these errors in her Motion to Dismiss, Docket No. 9 at 6, Plaintiffs did not state an amount in controversy, provide Gwendolyn Jennings' citizenship, or address the lack of diversity between Richards and the Estate of Mr. Jennings, Sr. in their Response in Opposition. Consequently, the Court lacks diversity jurisdiction.

### B. *Lack of Federal Question Jurisdiction.*

Second, Plaintiffs have failed to raise a federal issue upon which relief can be granted. Plaintiffs assert in their complaint that "this [C]ourt has jurisdiction pursuant to federal question jurisdiction as this is a proposed [] Fannie Mae sale of the property in question."

---

[2] Similarly, Plaintiffs did not plead Debra Jennings' citizenship in the complaint. They did, however, attach Debra Jennings' law office address and contact information, as listed on the State Bar of Texas' website. Docket No. 1 at 14.

Docket No. 1 at 2. This contention lacks merit because "a federal question exists only [in] those cases in which a well-pleaded complaint established either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337–38 (5th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27 (1983)). This Court agrees with Richards that the alleged involvement of Fannie Mae falls short of demonstrating the existence of a federal question. *See* Docket No. 9 at 6.

Plaintiffs' complaint also failed to plead a federal statute under which their cause of action arises. They failed to identify the federal law Richards allegedly violated when she "did not notify Debra Jennings of the listing of the property for sale, as she agreed." Docket No. 1 at 8. They failed to plead the federal law Sun West Mortgage allegedly violated when it did not "allow Debra Jennings to close on the subject property."[3] *Id.* at 7. And Plaintiffs did not identify the *federal law* Cole's misconduct allegedly violated.

### C. Failure to State a Claim.

Finally, as pleaded, the complaint does not allow the Court to "draw reasonable inferences" that Defendants are "liable for the misconduct alleged." *See George*, 36 F.4th at 619 (5th Cir. 2022) (citing *Ashcroft*, 556 U.S. at 678).

Plaintiffs, for example, did not explain what role Sun West Mortgage had in the allegedly fraudulent execution of the reverse mortgage agreement. In fact, Plaintiffs stated that "the application for a [r]everse mortgage was submitted to 1st Mariner Mortgage, predecessor to Sun West Mortgage and approved in January 2007." *Id.* at 5. Likewise,

---

[3] Plaintiffs did not assert that Debra Jennings put in an offer on the property or entered a contract with Sun West Bank to purchase the property at issue.

Plaintiffs did not clearly plead the role Pavan Agarwal, the CEO of Sun West Mortgage, had in the execution of the reverse mortgage agreement or the sale of the property.

Even if jurisdiction had been adequately demonstrated, then, the record reveals that some Defendants would be due to be dismissed under Rule 12(b)(6).

With that said, "it is well-established that plaintiffs who may still have a viable avenue to recover should be granted leave to amend their complaint and make their best case." *See Boutwell v. Time Ins.*, No. 3:11-cv-689, 2013 WL 53902, at *5 (S.D. Miss. Jan. 2, 2013) (internal quotations omitted). Here, Plaintiffs alleged that the reverse mortgage on the home was fraudulently executed. Docket No. 1 at 5. One record indicates the reverse mortgage agreement was fraudulently executed during Mr. Jennings, Sr.'s lifetime. *Id.* at 2. The second record provides that the reverse mortgage agreement was fraudulently executed one year *after* Mr. Jennings, Sr. passed. *Id.* at 9.

Facially, the Court can draw a reasonable inference that a defendant is liable for the misconduct the Plaintiffs alleged. It is unclear, however, that Debra Jennings and Gwendolyn Jennings have a viable avenue for recovery against any one of the named Defendants for the misconduct alleged. It is, moreover, unclear what federal law—if any—was violated by the misconduct alleged. And in the absence of a federal question, the complaint, as pleaded, fails to prove diversity jurisdiction. Nevertheless, this is Plaintiffs' "first opportunity to amend, and the Court wants to give it the chance to state [its] best case." *See Temple v. AmGuard Ins.*, No. 3:22-cv-653, at *2 (S.D. Miss. Mar. 31, 2023) (internal quotations omitted) (citing *Wicks v. Miss. State Emp. Servs.*, 41 F.3d 991, 997 (5th Cir. 1995), *overruled on other grounds, Carswell v. Camp*, 37 F.4th 1062 (5th Cir. 2022)).

Finding the Plaintiffs' request for leave to amend[4] well taken and seeing no objections from Richards in her rebuttal submission, the Court grants Plaintiffs the opportunity to amend their complaint. *See Gentry v. Jackson State University*, 161 F. Supp. 3d. 418, 423 (S.D. Miss. 2015) (granting plaintiff's request to amend in the absence of any objections from the defendant).

## IV. CONCLUSION

For these reasons, the Court grants Plaintiffs leave to amend their complaint to address the errors discussed herein. Plaintiffs are directed to file their Amended Complaint within 14 days. The Defendant's Motion to Dismiss is denied at this time. The Plaintiffs' motion for an injunction is denied. Furthermore, Plaintiffs' motion for leave to file a surrebuttal is denied. If this Court ultimately dismisses Plaintiffs' case for lack of subject matter jurisdiction against certain Defendants, its decision will not preclude Plaintiffs from pursuing those claims in a Court that has proper jurisdiction.

**SO ORDERED**, this the 29th day of August, 2023.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[4] *See* Docket No. 14 at 9.