IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| **DEBRA JENNINGS and FANNIE JENNINGS,**<br><br>*Plaintiffs*,<br><br>v.<br><br>**SUN WEST MORTGAGE COMPANY, INC., PAVAN AGARWAL,** *in his capacity as Chief Executive Officer of Sun West Mortgage Company, Inc.***, PAULA RICHARDS, EDNA COLE, UNKNOWN TITLE COMPANY, and 1ST MARINER**<br><br>*Defendants*. | CAUSE NO. 3:23-CV-183-CWR-FKB |

## ORDER

This cause is before the Court, on its own motion, for dismissal of plaintiffs' suit against defendants Sun West Mortgage Company, Inc., Pavan Agarwal, Edna Cole, and Unknown Title Company (the "original defendants") for failure to effectuate service.

**I.      Factual and Procedural History**

On March 9, 2023, plaintiffs Debra Jennings, the Estate of Rudolph Jennings, Sr., and Gwendolyn Jennings filed this suit against defendants Sun West Mortgage Company, Inc., Pavan Agarwal, Paula Richards, Edna Cole, and Unknown Title Company. Docket No. 1. Debra Jennings is a licensed attorney in Texas and filed suit on behalf of all plaintiffs, *pro se*. *See id.* The Clerk of Court issued summons as to all defendants on March 13, 2023. Docket No. 4.

On June 9, 2023—90 days after plaintiffs filed their original complaint—the Magistrate Judge noted in a Text-Only Order that "no service of process returns have been filed in this case." To date, plaintiffs have demonstrated service of process only as to Paula Richards. Docket No. 13.[1] Plaintiffs later retained counsel on July 19, 2023. Docket No. 11. On October 17, 2023, plaintiffs filed their first amended complaint. Docket No. 20. Among other things, they removed the Estate of Rudolph Jennings, Sr. and Gwendolyn Jennings as plaintiffs, added Fannie Jennings as a plaintiff, and added 1st Mariner as a defendant. *Id.*

## II.    Legal Standard

When a plaintiff fails to serve a defendant "within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant." Fed. R. Civ. P. 4(m). If, however, the plaintiff demonstrates good cause for its failure to effectuate timely service, "the court must extend the time for service for an appropriate period." *Id.* In the absence of good cause, "Rule 4 permits a district court to dismiss an action without prejudice." *King/Morocco v. Sterling McCall Lexus*, 776 F. App'x 235, 235 (5th Cir. 2019) (citing *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996)); *see also Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325-26 (5th Cir. 2008).

## III.    Discussion

Plaintiffs' failure to timely serve the original defendants warrants dismissal of their suit against Sun West Mortgage Company, Inc., Pavan Agarwal, Edna Cole, and Unknown Title Company. Plaintiffs were made aware that service had not been effectuated on two separate occasions. First, the Court itself notified plaintiffs of the deficiency via its March 13

---

[1] Plaintiffs have not sought a summons for newly-added defendant 1st Mariner. They are, however, within the 90-day timeframe to serve 1st Mariner. *See* Fed. R. Civ. P. 4(m).

2

Text-Only Order. Second, in her motion to dismiss—which plaintiffs responded to—Richards argued that plaintiffs failed to serve her "or any other Defendant [] with process." Docket No. 8 at 2. Although the objection was resolved as to Richards, plaintiffs' failure to timely serve the other defendants after receiving notice warrants dismissal.

The Court recognizes that plaintiffs proceeded *pro se* in this matter until they retained counsel on July 19, 2023. Plaintiff Debra Jennings, however, is a licensed attorney. And while this Court will construe *pro se* litigants' pleadings liberally, *see Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983), it will not "excuse pro se litigants' failure to comply with the pertinent rules of procedure and substantive law." *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). That is especially true when the litigant is a licensed attorney with, we are to presume, specialized knowledge of the rules of procedure. *See, e.g.*, *Hunt v. Smith*, 67 F. Supp. 2d 675, 685 (E.D. Tex. 1999) ("[s]he is a licensed attorney [and is, therefore,] not afforded the luxuries that the Court might otherwise be inclined to provide).

Plaintiffs' failure to effectuate timely service after receiving notice, and in the absence of good cause, warrants dismissal of their suit against these original defendants.

### IV. Conclusion

Sun West Mortgage Company, Inc., Pavan Agarwal, Edna Cole, and Unknown Title Company are **DISMISSED WITHOUT PREJUDICE**. If plaintiffs do not timely serve newly-added defendant 1st Mariner, that defendant may too be dismissed without further warning.

**SO ORDERED**, this the ___ day of November, 2023.

                                                 s/ Carlton W. Reeves
                                                 UNITED STATES DISTRICT JUDGE